UNITED STATES, Appellee

v.

ROBERTO VALENTIN, Private E–1, U. S. Army, Appellant

5 USCMA 559, 18 CMR 183

No. 5972

Decided March 25, 1955

Lt Col Edward Duvall, U. S. Army, and 1st Lt Leslie D. Scharf, U. S. Army, for Appellant.

Lt Col Thomas J. Newton, U. S. Army, for Appellee.

## Opinion of the Court

George W. Latimer, Judge:

The issue in this case is the same as the principal issue presented to us in United States v. Nash, 5 USCMA 550, 18 CMR 174, decided this date. The accused here was charged with desertion, in violation of Article 85, Uniform Code of Military Justice, 50 USC § 679, and after finding him guilty, the court-martial sentenced him to a dishonorable discharge, total forfeitures, and con-finement at hard labor for two years. The question presented is whether the law officer instructed the court correctly as to the procedure for reballoting on the findings.

After the court had been closed for deliberation and voting, it was reopened for the purpose of obtaining additional instructions and evidence on intent. After again closing and apparently after at least one ballot had been taken,

the president opened the court a second time, in order to ask a question. The record at that point reads:

"PRESIDENT: The court would like to ask the law officer this question: In the event of a tie, where a majority is not reached in a verdict of guilty, what action is taken then?

"LAW OFFICER: Well, it is up to the president of the court; it depends on the circumstances which cannot be made known at this time. The president can call for additional votes and if you think it is useless, if two-thirds don't concur in a finding of guilty of desertion, he is automatically not guilty of desertion and you should vote on the lesser offense of absence without leave. If two-thirds of the members present at the time the vote is taken concur in that finding, then he is guilty of absence without leave. However, until he is convicted by two-thirds of the court he is not guilty of anything. There are six members; if there is a three-three vote he is not guilty of anything. It has to be at least four members concurring in any finding of guilty.

"PRESIDENT: Is that clear to the court?

(The members of the court responded in the affirmative.)"

As we pointed out in United States v. Nash, supra, the information given in the quoted instruction is contrary to Article 52(c) of the Code, 50 USC § 627. That Article provides that all questions to be decided by court-martial members, other than the actual vote on findings or sentence, shall be decided by a majority vote. Whether additional ballots shall be taken is such a question, and its solution is controlled by that provision.

From the question asked, it appears that, at the time the court opened, three of the six court-martial members had voted for acquittal and three for conviction. If the reballot question had been decided properly, the accused would have been acquitted unless four members voted in favor of additional ballots. Under the procedure as it was carried out, one officer was authorized to make a decision adverse to the accused when it should have been decided by four. As in United States v. Nash, supra, we find an error which materially prejudiced a substantial right of the accused.

The decision of the board of review is reversed. The record is returned to The Judge Advocate General of the Army and a rehearing is ordered.

Chief Judge QUINN concurs.

BROSMAN, Judge (concurring):
I concur. See my separate opinion in United States v. Nash, decided this day.